UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DONZELL DEMETRIUS HAGGINS,

      Plaintiff,

v.

Warden LYNN DINGLE,
Asst. Warden MARK THELEN,
KENNETH KRUGER,
DAVID PAULSON,
NANETTE SCHRODER,
KATHY REID, and
STEPHEN CRAANE,

      Defendants.

Civil No. 05-2560 (JNE/FLN)

**REPORT AND RECOMMENDATION**

      This matter is presently before the Court for the purpose of determining whether Plaintiff has complied with the requirements of the order dated November 16, 2005. (Docket No. 5.) That order directed Plaintiff to file one copy of his complaint (with exhibits) and one properly completed U.S. Marshal service form, (USM-285), for each Defendant to be served in this matter. Plaintiff was advised that the Marshal would not be able to serve the named Defendants, and that this case could not go forward, unless he filed the necessary marshal service forms and extra copies of his complaint. The order also expressly advised Plaintiff that if he did not file his marshal service forms within thirty days, he would be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed for lack of prosecution.

      The deadline for satisfying the requirements of the order of November 16, 2005, expired more than six weeks ago, and Plaintiff still has not submitted the required marshal service forms and extra copies of the complaint. Nor has Plaintiff offered any explanation

for his failure to do so.[1]  Therefore, based on the express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the Court's prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed, without prejudice, for failure to prosecute.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: January 30 , 2006

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 16, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[1] The Court notes that more than two months ago, Plaintiff asked the Clerk for marshal service forms.  (See letter from Plaintiff received November 25, 2005; [Docket No. 6].)  He also indicated that he intended to attach copies of his pleading exhibits to copies of the complaint that he had previously submitted.  The Clerk's Office then sent Plaintiff blank marshal service forms, and his copies of his complaint.  However, Plaintiff never returned any completed marshal service forms, or copies of the complaint with exhibits.